UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JAMES MCCOY                                      CIVIL ACTION NO. 19-cv-1100

VERSUS                                           JUDGE FOOTE

MICHELLE STEENE, ET AL                           MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

James McCoy ("Plaintiff") filed two civil suits in state court for damages he sustained in a motor vehicle accident. The two cases were later consolidated in the state court. Plaintiff named as defendants Michelle Steene ("Steene"), the driver of the other vehicle; Merieux Nutrisciences Corporation (Merieux"), Steene's employer; EAN Holdings, LLC d/b/a Enterprise Rent-A-Car ("EAN"), the owner of the car Steene was driving; Sentry Insurance A Mutual Company ("Sentry"), Merieux's insurer; and Progressive Paloverde ("Progressive"), Plaintiff's insurer. Steene, Merieux, and EAN removed the case to this court, which puts the burden on the removing parties to show complete diversity of citizenship of the parties and an amount in controversy over $75,000.

The notice of removal alleges that Plaintiff is a resident of Louisiana and Steene is a resident of Minnesota. It is domicile rather than mere residency that decides citizenship for diversity purposes, and "[i]t is well established that an allegation of residency does not satisfy the requirement of an allegation of citizenship." Great Plains Trust Co. v. Morgan Stanley, 313 F.3d 305, 310 n. 2 (5th Cir. 2002), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888 (5th Cir. 1984). A person may reside in multiple states simultaneously, but

"[a]n individual who resides in more than one State is regarded, for purposes of federal subject-matter (diversity) jurisdiction, as a citizen of but one State." Wachovia Bank v. Schmidt, 126 S. Ct. 941, 951 (2006). That is the state in which the person is domiciled. Id.; Acridge v. Evangelical Lutheran Good Samaritan Soc., 334 F.3d 444, 451 (5th Cir. 2003). The removing defendants will need to file an amended notice of removal that specifically alleges the state of domicile of these two parties.

The notice of removal alleges that Merieux is a "foreign corporation doing business in the State of Minnesota, with its principal place of business in Wilmington, Delaware." A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint or notice of removal must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001). Accordingly, the removing defendants should include in their amended notice of removal the state in which Merieux was incorporated.

The notice of removal states that EAN Holdings, LLC, has a single member, Enterprise Holdings, Inc., which "is domiciled and his its principal place of business in Missouri." The notice does not specifically allege the state in which Enterprise Holdings, Inc. is incorporated; however, the Corporate Disclosure Statement filed by EAN states that

Enterprise is a Missouri corporation. Doc. 4. For the sake of clarity of the record, this allegation should be included in the amended notice of removal.

The notice of removal states that Sentry is a "foreign insurer formed under the laws of Wisconsin with its principal place of business in Stevens Point, Wisconsin." The notice also states that Progressive is a "foreign insurer formed under the laws of Ohio with its principal place of business in Cleveland, Ohio." However, the notice does not specifically allege the type of entity of either of these defendants. If they are corporations, then the allegations regarding their citizenship are sufficient, but the amended notice of removal must state that they are corporations. However, if they are LLC's or some other type of unincorporated entity, then their citizenship must be alleged in accordance with the rules set forth in cases such as Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017).

Requiring such detailed information may seem like an imposition, but the court has an obligation to examine the basis of its subject-matter jurisdiction even if no party contests it. The parties also have an interest in determining early on whether the court has jurisdiction, so as to avoid wasting time and resources in an improper court. The Fifth Circuit also examines such issues on its own, and parties that have won before the district court have seen cases dismissed or remanded when they did not ensure that their district court pleadings included specific information about the citizenship of each party. See, e.g., Howery v. Allstate Ins. Co., 243 F.3d 912 (5th Cir. 2001); Mullins v. TestAmerica, Inc., 300 Fed. Appx.259 (5th Cir. 2008); and Bank of America, N.A. v. Fulcrum Enterprises, LLC, 2016 WL 1084225 (5th Cir. 2016).

The deadline for filing the amended notice of removal is **September 10, 2019.**

THUS DONE AND SIGNED in Shreveport, Louisiana, this 26th day of August, 2019.

Mark L. Hornsby
U.S. Magistrate Judge